*Holt, for appellants.*

*Apperson, Reid, for appellees.*

---

H. C. WILLIS, ETC., *v.* A. RAINEY'S ADMR.

**Partnership—Settlement Made While Both are Living Basis of Commissioner's Report.**

It is proper for the master commissioner to adopt the settlement made by the partners while both are living, as a basis of his report in settling the partnership account in a suit to settle the estate of a deceased partner.

APPEAL FROM MERCER CIRCUIT COURT.

October 26, 1872.

OPINION BY JUDGE LINDSAY:

There should have been a reply to the answer and cross-petition of Samuel Willis. The statement of facts therein set up is not identical with that pleaded by H. C. Willis. Besides, while

appellee may have been able to state truthfully that he had neither knowledge nor information sufficient to form a belief as to the matters relied on by H. C. Willis, it is altogether probable that the testimony developed in the preparation of the case prior to the filing of the answer and cross-petition of Samuel may have compelled him to form some conclusion as to some of the facts set up in that pleading.

From the testimony presented by the record, the commissioner properly adopted the settlement made not earlier that July 12, 1862, as the basis upon which to settle the partnership accounts involved in this litigation.

It seems that all proper credits for services rendered and expenses incurred by H. C. Willis were allowed him.

It was proper to refuse to charge appellee on the partnership with any part of the $583 paid to Nat Harris. This was the debt of the Willis brothers, and not of the partnership, and although it was contracted for partnership cattle it must be presumed that Rainey accounted for his portion of it in the settlement of July 12, 1862.

It is not so, however, as to the $350 borrowed from Henderson. This was a firm debt, and there is nothing tending to show that in the settlement of July 12, the Willis brothers agreed to pay it.

Appellee should also have been charged with the $52.00 he admits in his petition was paid to his intestate after he joined the Confederate army.

There is nothing to show that the $100 paid Tylor for cattle purchased after the settlement in July was paid out of the individual funds of either of appellants.

For the reasons indicated the judgment is reversed. Appellee, upon the return of the cause, will be allowed a reasonable time to reply to Samuel Willis' answer.

Further proceedings will be had consistent with this opinion.

*Kyle & Poston, appellants.*

*Polk, Thompson, Jr., for appellees.*